James F. and Jennie L. Wilson v. Commissioner.
Wilson v. Commissioner
Docket No. 14269.
United States Tax Court
1948 Tax Ct. Memo LEXIS 44; 7 T.C.M. (CCH) 819; T.C.M. (RIA) 48232; November 12, 1948
*44 Preston D. Orem, Esq., for the petitioners. H. Arlo Melville, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $208.24 in petitioners' income and victory tax for 1943, plus a five per cent penalty of $10.41. The year 1942 is involved because of the forgiveness feature of the Current Tax Payment Act of 1943. The deficiency arises out of respondent's refusal to allow deductions claimed in petitioners' income tax returns for the years 1942 and 1943. Findings of Fact During the years 1942 and 1943, petitioners were residents of the State of California and filed joint returns for those years with the collector of internal revenue for the 6th district of California, at Los Angeles. On their returns for those years they reported gross income from James F. Wilson's employment as a pipe fitter and later as a pipe expediter in the amount of $3,299.60 for 1942 and $3,574.78 for 1943. They claimed deductions in their returns for each of the years as follows: ITEMS
Contributions
1942
1943
Baptist Church
$ 12.00
Red Cross
5.00
Salvation Army
25.00
China Relief
1.00
U.S.O.
35.00
Tuberculosis Society
2.00
D.A.V.
1.50
Community Chest
5.00
Orthopedic Hospital
5.00
March of Dimes
3.00
Veterans of Foreign Wars
1.00
Rescue Mission
1.00
War Chest
12.00
Soldiers' and Sailors' Relief
1.00
Army and Navy
1.00
Total contributions
None
$110.50
Interest
Mortgage on home
$256.81
291.17
Total interest
$256.81
$291.17
Taxes
Real estate
68.32
68.17
Personal property
1.00
Licenses
10.40
3.90
Amusement
12.50
Federal use
5.00
State income
5.15
Sales tax
35.00
Total taxes
$ 78.72
$ 130.72
Losses
Plumbing broke, and rug was
ruined
12.00
Rough wear on clothing
20.00
Total losses
None
$ 32.00
Deductible Expense
Hard toe shoes
12.00
Repair
4.50
Gloves
10.00
Laundry of working clothes
(only)
78.00
Trade magazines
4.00
Kit of tools value $45.00 (de-
preciation. 3 yrs.)
15.00
Excessive transportation
charges
80.60
Accident insurance
112.00
Union dues
$ 30.00
33.00
Unemployment insurance
32.99
30.00
County license
1.00
Total deductible expense
$ 62.99
$380.10
Total all deductions claimed:
$398.52
$944.49
*45 On brief, respondent concedes that petitioners are entitled to deductions totaling $316.81 for the year 1942 and $264 for the year 1943. Opinion LEMIRE, Judge: Respondent's disallowance of all deductions claimed by the petitioners in their 1942 and 1943 income tax returns puts the petitioners upon their proof of facts necessary to the allowance of the deductions. Petitioners' evidence as to all deductions claimed, except the one for payment of interest, consists largely of estimates and uncorroborated statements by petitioner, James F. Wilson. He testified that he made contributions to charity, paid taxes, and incurred deductible expenses in connection with his business and suffered certain losses. Documentary evidence was offered regarding the interest item paid. The testimony as to other items claimed in the returns was not supported by any documentary evidence. The total of all deductions claimed by the petitioners in their returns was $398.52 for the year 1942 and $944.49 for the year 1943. Respondent concedes that petitioners are entitled to deductions totaling $316.81 for the year 1942 and $264 for the year 1943. The petitioners, in effect, concede that they were not *46 entitled to the full amount of some of the deductions claimed. The type of evidence offered by the petitioners is unsatisfactory and of doubtful value in establishing their rights to these deductions. However, unsatisfactory as the proof may be, we have reached the conclusion, from such evidence as was offered, that petitioners are entitled to deductions totaling $325 for each of the years 1942 and 1943. We further find that the respondent correctly imposed the five per cent negligence penalty. Decision will be entered under Rule 50.